# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
POND, MORRIS, and ARGUELLES[1]
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant EUGENE S. MORSER**
**United States Army, Appellant**

ARMY 20230253

Headquarters, National Training Center and Fort Irwin
Larry B. Babin, Jr., and Matthew S. Fitzgerald, Military Judges
Lieutenant Colonel Hana A. Rollins, Staff Judge Advocate

For Appellant: Lieutenant Colonel Autumn R. Porter, JA; Major Beau O. Watkins, JA (on brief).

For Appellee: Lieutenant Colonel K. M. Bohlke, JA (on brief).

22 August 2025

--------------------------------
OPINION OF THE COURT
--------------------------------

ARGUELLES, Judge:

A military judge sitting as a general court martial convicted appellant, pursuant to his pleas, of six specifications of indecent liberty with a child, two specifications of aggravated sexual abuse of a child, and one specification of abusive sexual contact with a child, all in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2006) [UCMJ].

The military judge sentenced appellant to a dishonorable discharge, confinement for 312 months, reduction in rank to E-1, and total forfeitures. Pursuant to the pretrial agreement, the convening authority approved only so much of the sentence as provided for a dishonorable discharge, confinement for 25 years, reduction in rank to E-1, and total forfeitures.

---

[1] Judge ARGUELLES decided this case while on active duty.

This case is before the court for review pursuant to Article 66, UCMJ. Appellant personally raises three matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), one of which, personal jurisdiction, merits discussion but no relief.[2]

## BACKGROUND

As is set forth in greater detail in both the Stipulation of Fact and in appellant's providence inquiry, while stationed at Fort Knox and Fort Drum from 2007 through 2012, appellant sexually assaulted both of his biological daughters and one of their friends.

Appellant enlisted in the Army on 3 January 2006. On 27 January 2015, appellant received a Department of Defense Form 214 (DD Form 214), Certificate of Release or Discharge from Active Duty, which indicated his type of separation was "retirement" with the reason being "disability, permanent (enhanced)." Based on his disability retirement, appellant was eligible to receive retirement pay. 10 U.S.C. § 1201. Before this court, appellant argues because his retirement from the service was for a permanent medical disability, the court-martial lacked personal jurisdiction. We disagree.

## LAW AND DISCUSSION

The question of jurisdiction is a question of law that we review de novo. *United States v. Hennis*, 79 M.J. 370, 374-75 (C.A.A.F. 2020). When a defendant challenges personal jurisdiction, the government must prove it by a preponderance of the evidence. *United States v. Hale*, 78 M.J. 268, 270 (C.A.A.F. 2019).

Pursuant to its powers granted in the Constitution, Congress enacted the UCMJ, codified at Title 10 of the United States Code (10 U.S.C.), Chapter 47, as an "integrated system of investigation, trial, and appeal," and "empowered courts-martial to try servicemen for the crimes proscribed by the UCMJ." *United States v. Dowty*, 48 M.J. 102, 106 (C.A.A.F. 1998); *Solario v. United States*, 483 U.S. 435, 438-39 (1987). Article 2(a)(4), UCMJ, codified at 10 U.S.C. § 802(a)(4), provides that "[r]etired members of a regular component of the armed forces who are entitled to pay" are subject to the jurisdiction of the UCMJ.

Appellant now claims that because he did not retire after serving twenty years in the Army, but was rather retired for a permanent medical disability after serving

---

[2] We have also given full and fair consideration to the other matters personally raised by appellant pursuant to *Grostefon* and find them to be without merit.

for only nine years, he is not "entitled to [retirement] pay" within the "ordinary meaning of the term." Appellant further asserts that because his retirement pay comes from the Veterans Benefits Administration, and not the Department of Defense, he does not fall within the jurisdictional provisions of Article 2(a)(4), UCMJ. As such, appellant now avers that the military judge erred in denying his motion to dismiss for lack of personal jurisdiction.

We are aware of no appellate opinions directly addressing UCMJ jurisdiction over a servicemember medically retired for permanent disability before serving twenty years. As discussed below, however, based on the rationale and holding of our superior court in analogous cases, along with the plain language of the statute, we agree with the military judge that appellant was subject to the jurisdiction of the UCMJ.

In *United States v. Begani*, although the case involved the question of jurisdiction over "Fleet Reserve" members under Article 2(a)(6), UCMJ, in support of its holding the Court of Appeals for the Armed Forces [CAAF] reasoned that "[f]or well over a hundred years, Congress, the military, and the Supreme Court have all understood that retired members of all branches of service of the armed forces who continue to receive pay are still part of the 'land and naval forces' and subject to the UCMJ or its predecessors." 81 M.J. 273, 277 (C.A.A.F. 2021); *see also United States v. Dinger*, 77 M.J. 447, 453 (C.A.A.F. 2018) ("'Retired members of a regular component of the armed forces who are entitled to pay' are subject to the UCMJ and, therefore, trial by court-martial.") (citations and internal quotations omitted).

In *United States v. Bowie*, the Court of Military Appeals [CMA] addressed the question of jurisdiction over members of the armed services on the temporary disability retired list. 14 U.S.C.M.A. 631, 34 C.M.R. 411 (1964). Rejecting the argument that a retiree for physical disability should be considered differently from those retired for length of service or other reasons, the CMA held that "[i]n any event, the Uniform Code does not distinguish between retirees, on the basis of the reason for retirement; all retirees receiving pay are subject to its provisions." *Id.* at 632.

Likewise, in *United States v. Stevenson*, the CAAF addressed whether the Military Rules of Evidence applied to a servicemember on the temporary disability retired list. 53 M.J. 257 (C.A.A.F. 2000). The CAAF explained that where there is a determination that a disability is "'permanent . . . and stable,'" the Service Secretary may retire the member with pay, but where it is not clear if the disability is both permanent and stable, the Secretary must place the member on the temporary disability retired list with retired pay. *Id.* at 258 (citing 10 U.S.C. § 1201). Citing *Bowie*, the CAAF again reaffirmed that servicemembers on the temporary disability retired list are subject to UCMJ jurisdiction. *Id.* at 259-260. In support of its

holding, the CAAF noted that even if a member on the temporary disability retired list "is finally determined to be unfit for duty and is retired for physical disability, the member retains military status and may be recalled to active duty under certain circumstances." *Id.* at 260.

We acknowledge appellant was retired for permanent disability, and that *Bowie* and *Stevenson* addressed servicemembers on the *temporary* disability retired list. We nevertheless find the reasoning and logic of those cases to be applicable here, especially *Bowie's* holding that the UCMJ "does not distinguish between retirees on the basis of the reason for retirement," 14 U.S.C.M.A. at 632, and the observation in *Stevenson* that even permanently disabled retirees retain military status. 53 M.J. at 260; *see also United States v. Burford*, No. ACM 39538, 2020 CCA LEXIS 78, at *56 (A.F. Ct. Crim. App. 9 Mar. 2020) ("We further note that even if [appellant] had been medically retired, such retirement would not have severed military court-martial jurisdiction over him.")

Appellant's jurisdictional challenge must also fail given the plain language of the statute at issue. *See United States v. Valentin-Andino*, __ M.J.__, 2025 CAAF LEXIS 248, at *5-6 (C.A.A.F. 31 Mar. 2025) ("The first step in statutory interpretation is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. The inquiry ceases if the statutory language is unambiguous and the statutory scheme is coherent and consistent.") (citations and quotation marks omitted).

Specifically, Article 2(a)(4), UCMJ, provides for UCMJ jurisdiction over "[r]etired members of a regular component of the armed forces who are entitled to pay." There is nothing, however, in the plain language of the statute requiring a minimum amount of service time for a servicemember to be "retired." Nor is there any requirement that the Department of Defense, as opposed to the Department of Veterans Affairs, must be the source of the "pay." *Cf. Valentin-Andino*, 2025 CAAF LEXIS 248, at *10 n.4 ("[W]e will not undermine [Article 66(d)(2)'s] express limitations by grafting onto it our case law concerning more generalized provisions."). As such, under the plain language of the statute, the court-martial below properly exercised jurisdiction over appellant.[3]

---

[3] In his motion to dismiss raised with the trial court, appellant also alleged that the convening authority failed to properly comply with the procedures set forth in Army Regulation 27-10 to prefer court-martial charges against a retired soldier. As appellant does not raise this issue on appeal, we need not consider it. And in any event, even if we were to address this claim, we would find it to be without merit for all of the reasons set forth in the military judge's thorough and cogent written ruling.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

Senior Judge POND and Judge MORRIS concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court